UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

BRIAN KIRTON, on his own behalf
and others similarly situated,

    Plaintiff,

v.

DEL-AIR ELECTRICAL SERVICES, INC.,
a Florida corporation, and ROBERT DELLO
RUSSO, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, BRIAN KIRTON (hereinafter referred to as "Plaintiff"), was an employee of Defendants, DEL-AIR ELECTRICAL SERVICES, INC., a Florida corporation, and ROBERT DELLO RUSSO, individually, and brings this action on behalf of himself and other current and former similarly situated employees for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. DEL-AIR ELECTRICAL SERVICES, INC. is an electrical contractor, which provides electrical services for new construction, residential and commercial customers throughout the state of Florida. Within the 3 year period preceding the filing of this lawsuit, DEL-AIR ELECTRICAL SERVICES, INC. employed multiple Electricians (such as Plaintiff) to provide its electrical services. This action is intended to include any and all such Electricians.

3. Plaintiff was employed by Defendants as an Electrician from approximately June 2013 to April 2015.

4. Plaintiff performed his duties for Defendants, in Tampa, Hillsborough County, Florida, which is within the jurisdiction of this Court.

5. Defendant, DEL-AIR ELECTRICAL SERVICES, INC., is a Florida corporation with a principal place of business in Sanford, Seminole County, Florida.

6. At all times material hereto, ROBERT DELLO RUSSO, was and is an individual resident of the State of Florida, who owns, manages, and/or operates DEL-AIR ELECTRICAL SERVICES, INC., and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rates pay of employees, and control the finances and operations of DEL-AIR ELECTRICAL SERVICES, INC. By virtue of such control and authority, ROBERT DELLO RUSSO, is an employer as such term is defined by the FLSA. 29 U.S.C. 201 et seq.

7. This action is brought to recover from Defendants overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b).

8. At all times pertinent to this Complaint, Defendant, DEL-AIR ELECTRICAL SERVICES, INC., regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

9. At all times material to this Complaint, Defendant, DEL-AIR ELECTRICAL SERVICES, INC., had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

10. Based upon information and belief, the annual gross sales volume of Defendant, DEL-AIR ELECTRICAL SERVICES, INC., was in excess of $500,000.00 per annum at all times material hereto.

11. At all times pertinent to this Complaint, Defendant, DEL-AIR ELECTRICAL SERVICES, INC., was an enterprise engaged in commerce or in the production of goods for commerce as defined by §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

12. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

13. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendants, and in regard to Plaintiff and any other plaintiffs joining this lawsuit.

14. Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of their regular rates of pay for each hour worked in excess of forty (40) hours per work week.

15. In the course of employment with Defendants, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per week during one or more work weeks.

16. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. § 201-209, in that Plaintiff and other similarly situated employees performed services for Defendants for which no provisions were made by the Defendants to properly pay them for those hours worked in excess of forty (40) within a work week.

17. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and all the other similarly situated employees have suffered damages, plus incurred costs and reasonable attorney's fees.

18. As a result of Defendants' willful violation of the Act, Plaintiff and the other similarly situated employees are entitled to liquidated damages.

19. The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendants.

20. Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

21. Plaintiff demands a jury trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 20 above.

23. During his employment with Defendants as an Electrician, Plaintiff was paid on a piece rate basis.

24. Although Plaintiff regularly worked overtime during one or more of these weeks, he was not paid at time and one half his regular rate of pay for the hours he worked in excess of 40 each week.

25. Instead, Defendants paid Plaintiff and the similarly situated employees on a piece rate basis, with no additional compensation for the overtime hours they worked.

26. As a result, the only compensation Plaintiff and similarly situated employees received was the piece rate compensation they generated from the work they performed.

27. The additional persons who may become Plaintiffs in this action are Defendants' current and former employees who were paid on a piece rate basis, and who worked overtime

hours during or after February 2013, but were not compensated and time and one half their regular rates of pay for the overtime hours they worked.

WHEREFORE, Plaintiff, BRIAN KIRTON, and other similarly situated employees, demand judgment against Defendants, DEL-AIR ELECTRICAL SERVICES, INC. and ROBERT DELLO RUSSO, jointly and severally, for the payment of all overtime hours at one and one-half times their regular rate of pay, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: February 9, 2016  
       Boca Raton, Florida

Respectfully submitted,

_____  
CAMAR R. JONES (Fla. Bar No. 720291)  
Email: cjones@shavitzlaw.com  
Trial Counsel  
SHAVITZ LAW GROUP, P.A.  
1515 S. Federal Hwy, Suite 404  
Boca Raton, Florida 33432  
Telephone: (561) 447-8888  
Facsimile: (561) 447-8831  
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.  I consent to be a party plaintiff in a lawsuit against Defendant(s), DEL-AIR ELECTRICAL SERVICES, INC., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.  I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.  I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:
/s/ Brian Kirton
8BDED1E9D190403...

Signature

Brian Kirton

_____

Print Name